UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:09-CV-118-BR

| | | |
|---|---|---|
| CATHLEEN BRYANT, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| ASSET ACCEPTANCE, LLC, | ) | |
| ASSET ACCEPTANCE CAPITAL | ) | |
| CORP., LAURA JAMES, TRANS | ) | |
| UNION, LLC, and EXPERIAN | ) | |
| INFORMATION SOLUTIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

This case comes before the court on Defendant Experian Information Solution, Inc.'s (Experian) Motion to Dismiss or for Other Sanctions. Plaintiff filed a response to which Experian replied, and this matter is now ripe for disposition.

## I. BACKGROUND

Plaintiff, *pro se*, commenced this action against Defendants on 17 March 2009, alleging defamation and violations of the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, the North Carolina Collection Agency Act, and the North Carolina Unfair and Deceptive Trade Practices Act, and seeking both a declaratory judgment and injunctive relief in addition to damages. Compl. ¶¶ 119, 123, 127, 133, 138-46. All defendants except Experian have been dismissed with prejudice by joint stipulation. Due to Plaintiff's alleged failure to respond to discovery requests, to serve initial disclosures, to adhere to rules, and to prosecute her case, Experian filed the instant motion to dismiss with prejudice or alternatively for other sanctions against Plaintiff.

## II. DISCUSSION

The Fourth Circuit created a four-part balancing test of what a court must consider when deciding whether to dismiss an action as a sanction: "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of sanctions less drastic than dismissal." *Doyle v. Murray*, 938 F. 2d 33, 34 (4th Cir. 1991) (citations omitted) (internal quotation marks omitted). "In any court, a dismissal order that bars subsequent litigation is a severe sanction warranted only by egregious misconduct." *In re Tomlin*, 105 F.3d 933, 937 (4th Cir. 1997). When a motion to dismiss does not reach the merits of a *pro se* plaintiff's claim, the Fourth Circuit has held dismissal *without* prejudice to be most appropriate even when such plaintiff has failed to properly serve the defendant, to update her address with the court, and to prosecute her case. *See Buxton v. Aero Mayflower Transit Co.*, 489 F.2d 754, 754 (1974) (per curiam). For reasons discussed in more detail below, the court finds dismissal unwarranted at this time.

Experian complains that Plaintiff did not participate in the discovery conference nor respond to counsel's requests for comment on the proposed discovery plan, causing the court to issue a default schedule in its 21 October 2009 Order. Mem. Supp. Mot. Dismiss at 2-3. However, Experian admits that Plaintiff attempted to make contact during the discovery conference. *Id.* at 3. Furthermore, none of the emails sent by counsel who participated in the discovery conference to Plaintiff indicated that they needed Plaintiff's approval of or suggested changes to the proposed discovery plan before they could submit it to the court. Lawless Aff., Ex. A; Romig Aff., Ex. A. Regardless, the facts of the situation do not disclose any willful

2

attempt to evade the discovery conference on the part of the Plaintiff.

Experian also claims Plaintiff's failure to serve Rule 26(a)(1) mandatory disclosures evinces Plaintiff's disregard for the court's rules and discovery order. Mem. Supp. Mot. Dismiss at 5. Although *pro se* plaintiffs are entitled to some leeway, the failure of any party to serve mandatory disclosures is a serious breach of obligation to both the court and to the opposing party. However, the court also recognizes that in none of the correspondence with Plaintiff that Experian submitted to the court in support of its present motion did Experian ever remind Plaintiff of her obligation to make the mandatory disclosures nor ask her to do so. The court also notes that Experian did not email and mail its own initial disclosures to Plaintiff until 13 January 2010, well after the fourteen-day deadline for submission of mandatory disclosures after the Rule 26(f) conference took place on 24 September 2009; and even then Experian did not request the same from Plaintiff. *See* Lawless Supp. Aff., Ex. E; Romig Aff., Ex. D; *see also* Fed. R. Civ. P. 26(a)(1)(C). Although the required disclosures should be served without request, the court expects some lenience from counsel dealing with a *pro se* litigant. In light of this, the court finds that an order directing Plaintiff to comply with mandatory disclosure requirements is sufficient to remedy this error, and the court points Plaintiff to Rule 26(a)(1)(A) for a list of the disclosures she is required to make to Experian.

Experian also suggests that Plaintiff's case be dismissed for her failure to prosecute it due to the fact that Plaintiff made no discovery requests of Experian. Reply Br. at 7-8. As the Federal Rules of Civil Procedure make plain, however, absent an order from the court, the ability to conduct discovery of an opposing party is a right rather than a requirement. *See* Fed. R. Civ. P. 26(b)(1) ("Parties *may* obtain discovery regarding any nonprivileged matter that is relevant to

3

any party's claim or defense." (emphasis added)). Accordingly, this argument is unpersuasive at best.

Experian also faults Plaintiff for its difficulty in delivery of both certified mail and regular mail packages to Plaintiff at the address she provided to the court. Mem. Supp. Mot. Dismiss at 2, 4-5. It does appear accurate that a number of items Experian has mailed to Plaintiff have not been successfully delivered. Plaintiff's sworn affidavits affirm that she still resides in a permanent manner at the address she provided and that at times she has difficulty receiving mail because of the transient residency at her home of some of her relatives with the same surname. Collins Aff.; Jerry Bryant Aff.; Jessica Bryant Aff.; C. Bryant Aff.; *see also* Mem. Opp'n Mot. Dismiss at 6-7. Plaintiff does not have difficulty receiving email from Experian. Given Experian's continuing difficulty getting both certified and regular mail to Plaintiff, the court finds that Experian is entitled to serve Plaintiff via email pursuant to Federal Rule of Civil Procedure 5(b)(2)(E). However, because Plaintiff stated in her Response that she must print emailed documents at the library and that she at times cannot afford to do so, Mem. Opp'n Mot. Dismiss at 11, Experian must provide Plaintiff, via regular U.S. mail, with courtesy paper copies of anything Experian emails to Plaintiff and also must accept answers to discovery interrogatories, requests for admission, and requests for documents via email or mailed hardcopy.

Experian's Motion to Dismiss is DENIED WITHOUT PREJUDICE. It is hereby ORDERED that

1. All papers Experian serves on Plaintiff shall be deemed served upon transmission via email to her, and Experian shall also mail a copy of any such documents to Plaintiff via

4

regular U.S. mail;

2. Plaintiff may answer discovery requests from Experian via either email or mailed hardcopy;

3. If Plaintiff has not yet done so, within fifteen days from the date of this Order, Plaintiff shall mail or email to Experian her required disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) and responses to Experian's First Requests for Production, First Interrogatories, and First Requests for Admission;

4. Experian shall have until 13 August 2010 to complete discovery;

5. Plaintiff's time to conduct discovery of Experian has expired;

6. Plaintiff shall timely comply with and completely respond to all discovery requests from Experian in accordance with the Federal Rules of Civil Procedure;

7. All potentially dispositive motions shall be filed by 13 September 2010; and,

8. The jury trial is continued to 3 January 2011.

**PLAINTIFF IS WARNED THAT IF SHE FAILS TO TIMELY AND COMPLETELY RESPOND AS SET FORTH IN THIS ORDER, JUDGMENT MAY BE ENTERED AGAINST HER AND THE CASE DISMISSED.**

This 7 July 2010.

_____
W. Earl Britt
Senior U.S. District Judge

5

Case 5:09-cv-00118-BR   Document 42   Filed 07/07/10   Page 5 of 5