UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:09-CV-118-BR

| | | |
|---|---|---|
| CATHLEEN BRYANT, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| ASSET ACCEPTANCE, LLC, | ) | |
| ASSET ACCEPTANCE CAPITAL | ) | |
| CORP., LAURA JAMES, TRANS | ) | |
| UNION, LLC, and EXPERIAN | ) | |
| INFORMATION SOLUTIONS, INC., | ) | |
| | ) | |
| Defendants | ) | |

This case comes before the court on defendant Experian Information Solution, Inc.'s (Experian) renewed motion to dismiss. The deadline for plaintiff to respond has passed, and this matter is now ripe for disposition.

The factual background of this case is set forth in the order entered 7 July 2010 (Order) and need not be repeated herein. On 19 March 2010, Experian filed a motion to dismiss with prejudice or, alternatively, for other sanctions against plaintiff, alleging that plaintiff had failed to prosecute her case, respond to discovery requests, serve initial disclosures, and adhere to court rules. The court denied Experian's motion without prejudice. Even so, the court ordered that plaintiff make the required disclosures under Fed. R. Civ. P. 26(a)(1)(A) and respond to Experian's first discovery requests within a fifteen-day period. The final paragraph of the Order contains the following warning: "**PLAINTIFF IS WARNED THAT IF SHE FAILS TO TIMELY AND COMPLETELY RESPOND AS SET FORTH IN THIS ORDER, JUDGMENT MAY BE ENTERED AGAINST HER AND THE CASE DISMISSED**."

Plaintiff has failed to comply with the Order. She has neither served her initial disclosures, nor has she responded to Experian's discovery requests. Romig 8/3/10 Aff. ¶¶ 4, 5. Furthermore, on 6 August 2010, the Clerk sent a letter to plaintiff informing her that Experian had filed the instant motion to dismiss and cautioning her that she must respond within twenty-one days of the date of service. Despite this warning, plaintiff has failed to respond to the motion.

As the court has recognized previously, the Fourth Circuit has established a four-part balancing test to determine whether dismissal with prejudice is proper to sanction a party's misconduct: "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of sanctions less drastic than dismissal. Doyle v. Murray, 938 F. 2d 33, 34 (4th Cir. 1991) (citations omitted) (internal quotation marks omitted). For the reasons discussed below, the court finds that dismissal with prejudice is appropriate.

Plaintiff, alone, is responsible for her failure to comply with the Order. In conjunction with Experian's initial motion to dismiss, plaintiff acknowledged that she received Experian's discovery requests at least six months ago, (see Pl.'s 4/15/10 Resp. at 10-11; Romig 3/19/10 Aff. ¶ 11), but she has failed to respond or object, despite the explicit order of this court. Ultimately, plaintiff's failure to respond can be attributed only to her own lack of initiative and unwillingness to comply with the Order and prosecute her case.

There is little doubt that plaintiff's conduct has caused prejudice to Experian. Plaintiff has refused to respond to Experian's requests for information regarding the identity of the

2

mortgage company that denied plaintiff refinancing, the quantity of her alleged damages, and the identities of the parties to whom Experian reported inaccurate information, among other things. Def. Mem. Supp. Renewed Mot. Dismiss at 4, 5. This information is vital to Experian's ability to defend against plaintiff's lawsuit. Furthermore, it is within plaintiff's exclusive control. As Experian cannot obtain the information from another source, plaintiff's failure to respond to the discovery requests renders Experian incapable of mounting a defense.

Plaintiff's conduct exhibits "a drawn out history of deliberately proceeding in a dilatory fashion." Doyle, 938 F. 2d at 34. She has been served with Experian's discovery requests and has had ample time to respond, yet she has failed to do so. Id. at 3. After this court declined to sanction plaintiff for her unresponsiveness and explicitly warned her that dismissal could result from further delay, plaintiff has continued to ignore Experian's requests for information. Even after she received the letter from the Clerk, plaintiff did nothing.

It appears that any sanction short of dismissal with prejudice will not deter plaintiff from future noncompliance with this court's orders or rules. Although *pro se* litigants are afforded some deference, "they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." Ballard v. Carlson, 882 F. 2d 93, 96 (4th Cir. 1989).

Experian's renewed motion to dismiss is ALLOWED. It is hereby ORDERED that plaintiff's claims against Experian are DISMISSED WITH PREJUDICE. As all other

3

defendants have been dismissed by joint stipulation, the Clerk is DIRECTED to close this case.

*This 6 October 2010.*

‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌_____

*W. Earl Britt*
*Senior U.S. District Judge*